# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

LAURIE STEELE,
an individual,                                                    Case No.:

          Plaintiff,

v.

SANTANDER CONSUMER USA INC.,
a foreign for-profit corporation,

          Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW,** Plaintiff, LAURIE STEELE (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, SANTANDER CONSUMER USA INC. (hereinafter, "Defendant") and alleges:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Communication Protection Act, 47 U.S.C., 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 47 U.S.C., Section 227(b)(3), 28 U.S.C., Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C., Section 1367.

2.     Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

3.     At all material times herein, the conduct of Defendant, complained of below, occurred in Broward County, Florida.

4.     At all times herein, Plaintiff is an individual residing in Broward County, Florida.

5.     Defendant is a foreign for-profit corporation existing under the laws of the State of Illinois, that, itself and through its subsidiaries, regularly finances and services consumer automobile loans in Broward County, Florida.

## GENERAL ALLEGATIONS

6.     At all times herein, Defendant was and is a "creditor" as defined by Florida Statutes, Section 559.55(3).

7.     At all times herein, Defendant attempted to collect a debt, specifically a consumer automobile loan referenced by Defendant's account number -2500 (hereinafter, "Debt").

8.     At all times herein, the Debt was a consumer debt, incurred primarily for personal, household, or family use.

9.     At all material times, the Defendant was and is a "person" subject to Florida Statutes, Section 559.72.   *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10.    At all times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

11.    At all times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

2

12.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

13.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 954.830.9363 (hereinafter, "cellular telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

14.     Plaintiff is the owner, regular user, and possessor of a cellular telephone with the assigned telephone number 954.830.9363.

15.     At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

16.     Additionally, at the time Plaintiff entered into the agreement creating the Debt, Plaintiff did not list her cellular telephone on any document creating or related to the creation of the Debt.

17.     Defendant never had prior express consent to call Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

18.     On or about June 6, 2013, Plaintiff made her final payment on the Debt. Please see attached a true and correct copy of the original contract labeled as Exhibit "A1-A5."

19.     On or about June 7, 2013, Defendant deposited Plaintiff's final payment satisfying the Debt.  Please see attached a true and correct copy of Plaintiff's relevant account history labeled as Exhibit "B1-B2."

20.      On or about June 7, 2013, at approximately 9:59 a.m. EST, Defendant

called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

21.    On or about June 10, 2013, at approximately 10:54 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

22.    On or about June 10, 2013, at approximately 11:04 a.m. EST, Plaintiff called Defendant back to inquire as to why she was receiving Debt collection calls for a Debt that had been satisfied and dispute the Debt.

23.    During the immediately-aforementioned call, Plaintiff spoke with Defendant's employee or representative "Lucy" who advised Plaintiff that Defendant had received and deposited Plaintiff's final payment.

24.    On or about June 13, 2013, at approximately 10:43 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

25.    On or about June 14, 2013, at approximately 10:52 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

26.    On or about June 20, 2013, at approximately 10:33 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

27.    On or about June 20, 2013, at approximately 11:20 a.m., EST, Plaintiff again called Defendant to inquire as to why she was receiving collection calls on a satisfied Debt and again dispute the Debt.

28.    During the immediately-aforementioned call, Plaintiff spoke with Defendant's employee or representative "Cheryl" who requested that Plaintiff send her bank statement to Defendant.  Plaintiff subsequently sent Plaintiff a redacted copy of her bank statement evidencing the final payment on the Debt.

29.    On or about June 24, 2013, at approximately 3:20 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

4

30.     The immediately-aforementioned call was placed from telephone number 214.292.1942 and was made in an attempt to collect the Debt.

31.     During the above-referenced call, Plaintiff spoke with Defendant's employee or representative "Chris," Chris acknowledged receipt of Plaintiff's bank statement, however, advised that due to portions being redacted, Defendant would not accept it as proof of Plaintiff's final payment of the Debt.

32.     On or about June 30, 2013, at approximately 10:46 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

33.     On or about June 30, 2013, at approximately 5:55 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

34.     On or about July 1, 2013, at approximately 10:59 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

35.     On or about July 1, 2013, at approximately 3:40 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

36.     On or about July 2, 2013, at approximately 10:34 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

37.     On or about July 2, 2013, at approximately 3:29 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

38.     On or about July 3, 2013, at approximately 10:07 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

39.     On or about July 3, 2013, at approximately 3:08 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

40.     On or about July 5, 2013, at approximately 10:55 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

41.     On or about July 5, 2013, at approximately 2:20 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

42.     On or about July 6, 2013, at approximately 10:38 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

43.     On or about July 7, 2013, at approximately 10:42 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

44.     On or about July 8, 2013, at approximately 10:54 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

45.     On or about July 8, 2013, at approximately 3:56 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

46.     On or about July 9, 2013, at approximately 9:55 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

47.     On or about July 9, 2013, at approximately 2:49 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

48.     On or about July 10, 2013, at approximately 11:28 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

49.     On or about July 10, 2013, at approximately 4:19 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

50.     On or about July 11, 2013, at approximately 10:38 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

51.     On or about July 11, 2013, at approximately 3:17 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

52.     On or about July 12, 2013, at approximately 10:43 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

53.     On or about July 12, 2013, at approximately 2:52 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

54.     On or about July 13, 2013, at approximately 9:48 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

55.     On or about July 14, 2013, at approximately 10:32 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

56.     On or about July 14, 2013, at approximately 5:32 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

57.     On or about July 15, 2013, at approximately 11:31 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

58.     On or about July 15, 2013, at approximately 3:40 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

59.     On or about July 16, 2013, at approximately 11:00 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

60.     On or about July 16, 2013, at approximately 4:15 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

61.     On or about July 17, 2013, at approximately 3:21 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

62.     On or about July 18, 2013, at approximately 10:52 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

63.     On or about July 18, 2013, at approximately 3:31 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

64.     On or about July 19, 2013, at approximately 10:18 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

65.     On or about July 19, 2013, at approximately 2:37 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

66.     On or about July 20, 2013, at approximately 9:47 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

67.     On or about July 20, 2013, at approximately 4:32 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

68.     On or about July 21, 2013, at approximately 9:47 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

69.     On or about July 21, 2013, at approximately 3:27 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

70.     On or about July 22, 2013, at approximately 9:48 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

71.     On or about July 22, 2013, at approximately 1:55 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

72.     On or about July 22, 2013, at approximately 6:22 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

73.     During the above-referenced call, Defendant left a voicemail message on Plaintiff's cellular telephone using an APV.

74.     On or about July 23, 2013, at approximately 8:45 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

75.     During the above-referenced call, Defendant left a voicemail message on Plaintiff's cellular telephone using an APV.

76.     On or about July 24, 2013, at approximately 2:35 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

77.     On or about July 24, 2013, at approximately 8:45 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

78.     During the above-referenced call, Defendant left a voicemail message on Plaintiff's cellular telephone using an APV.

79.     On or about July 25, 2013, at approximately 10:14 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

80.     On or about July 25, 2013, at approximately 2:05 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

81.     On or about July 26, 2013, at approximately 7:53 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

82.     On or about July 26, 2013, at approximately 11:49 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

83.     On or about July 26, 2013, at approximately 3:48 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

84.     During the above-referenced call, Defendant left a voicemail message on Plaintiff's cellular telephone using an APV.

85.     On or about July 28, 2013, at approximately 9:15 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

86.     On or about July 28, 2013, at approximately 3:07 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

87.     On or about July 29, 2013, at approximately 10:01 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

88.     On or about July 29, 2013, at approximately 2:20 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

89.     On or about July 30, 2013, at approximately 11:44 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

90.     On or about July 30, 2013, at approximately 3:41 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

91.     On or about July 31, 2013, at approximately 3:41 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

92.     On or about August 1, 2013, at approximately 11:44 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

93.     On or about August 1, 2013, at approximately 4:16 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

94.     On or about August 2, 2013, at approximately 2:26 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

95.     On or about August 4, 2013, at approximately 11:56 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

96.     On or about August 5, 2013, at approximately 10:20 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

97.     On or about August 5, 2013, at approximately 3:33 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

98.     On or about August 6, 2013, at approximately 10:21 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

99.     On or about August 6, 2013, at approximately 3:43 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

100.     On or about August 7, 2013, at approximately 3:20 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

101.    On or about August 8, 2013, at approximately 10:50 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

102.    On or about August 8, 2013, at approximately 2:57 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

103.    On or about August 9, 2013, at approximately 10:15 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

104.    On or about August 9, 2013, at approximately 2:23 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

105.    On or about August 10, 2013, at approximately 10:42 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

106.    On or about August 11, 2013, at approximately 9:58 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

107.    On or about August 11, 2013, at approximately 5:42 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

108.    On or about August 12, 2013, at approximately 9:47 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

109.    On or about August 12, 2013, at approximately 1:12 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

110.    On or before August 12, 2013, Plaintiff retained M. Daniel Hughes and Associates, P.A. (hereinafter "Initial Counsel") for representation with regards to the Debt.

111.    On or about August 12, 2013, Initial Counsel sent Defendant a letter which advised Defendant of Initial Counsel's representation of Plaintiff with regard to the Debt, again advised Defendant of Plaintiff's satisfaction of the Debt, and requested

11

Defendant fulfill its statutory obligation by issuing Plaintiff with her title to the vehicle. Please see attached a true and correct copy of said letter labeled as Exhibit "C."

112.    On or about August 13, 2013, at approximately 10:54 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

113.    On or about August 13, 2013, at approximately 3:12 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

114.    On or about August 14, 2013, at approximately 10:41 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

115.    On or about August 14, 2013, at approximately 3:37 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

116.    On or about August 15, 2013, at approximately 3:49 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

117.    On or about August 16, 2013, at approximately 10:08 a.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

118.    On or about August 16, 2013, at approximately 2:34 p.m. EST, Defendant called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

119.    The aforementioned calls were all – unless specifically otherwise noted – placed from telephone number 888.222.4227 and were made in an attempt to collect the Debt.

120.    On or about September 4, 2013, Initial Counsel sent Defendant an electronic email message which further provided Defendant notice of Initial Counsel's representation of Plaintiff with regard to the Debt and contained a signed authorization letter from Plaintiff for Defendant to discuss the Debt with Initial Counsel.  Please see attached a true and correct copy of said email and signed authorization letter labeled as

12

Exhibit "D1-D2."

121.    On or about September 10, 2013, Initial Counsel again sent Defendant a letter which further advised of Initial Counsel's representation of Plaintiff with regard to the Debt and again requested Defendant fulfill its statutory obligation by issuing Plaintiff her title to the vehicle.  Please see attached a true and correct copy of said letter labeled as Exhibit "E."

122.    On or about September 11, 2013, Defendant sent Initial Counsel a facsimile transmission in response to Plaintiff's August 13, 2013 letter, as referenced above.

123.    Defendant's correspondence stated that Plaintiff had not made the final payment, that the documents Plaintiff provided to prove payment were "not sufficient to allow [Defendant] to locate the missing payment," that "in order [for Defendant to] research this matter (. . .) a copy of the front and back of the cashed check" is required, and that title will not be released as Plaintiff has an outstanding balance on the Debt. Please see attached a true and correct copy of said fax labeled as Exhibit "F1-F2."

124.    On or about September 16, 2013, despite having actual knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt, possessing Initial Counsel's contact information, and having corresponded on multiple occasions with Initial Counsel, Defendant sent Plaintiff a billing statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "G1-G2."

125.    On or about September 24, 2013, Initial Counsel sent Defendant a letter which again advised that Plaintiff had made the final payment satisfying the Debt, again requested Plaintiff fulfill its statutory obligation and issue Plaintiff her title to the vehicle,

and also had attached proof of Plaintiff's payment via her Account Activity Transaction. Please see attached a true and correct copy of said letter and attached Account Activity Transaction labeled as Exhibit "H1-H2."

126.    On or about October 1, 2013, Defendant sent Initial Counsel a facsimile transmission in response to Initial Counsel's September 24, 2013 letter.  Said fax falsely stated that "[a]ccording to our records, during the telephone call you refer to on June 10, 2013, Ms. Steele made a promise to pay $361.71 by June 11, 2013, which was not received on June 11, 2013."  Please see attached a true and correct copy of said facsimile transmission labeled as Exhibit "I1-I2."

127.    On or about October 14, 2013, despite having actual knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt, possessing Initial Counsel's contact information, and having corresponded on multiple occasions with Initial Counsel regarding the Debt, Defendant sent Plaintiff a billing statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "J1-J2."

128.    On or about March 5, 2014, Defendant sent Initial Counsel a facsimile transmission in regards to the Debt.  Said fax contained the following language:

> On August 16, 2013, we received information that you represented Laurie Steele in regards to her above-referenced Santander Consumer USA Inc. (SCUSA) account. (. . .) Please be advise that it has been discovered that the payment was received and was applied to an incorrect account, in error, on June 6, 2013.  The error has been corrected and the payment has been applied to Ms. Steele's account with an effective date of June 6, 2013.

Please see attached a true and correct copy of said facsimile transmission labeled as Exhibit "K."

14

129.    Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff.  Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and the TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

130.    Plaintiff has retained Leavengood, Dauval & Boyle, P.A. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

131.    As a direct result of Defendant's actions, Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiff's dispute of the Debt was wholly ineffective, negative impact on her credit report, and that the frequent, repeated debt collection attempts would simply have to be endured.

132.    Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages against Defendant per independent, temporarily displaced violation, plus actual damages, and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter against Defendant.

133.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

134.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

135.    At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

136.    Upon information and belief, based upon the aforementioned allegations, Plaintiff believes that all of Defendant's telephone calls made to Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV were made in willful and knowing violation of the TCPA.

137.    As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(5)</u>**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-seven (137) as if fully restated herein and further states as follows:

138.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(5) by disclosing information affecting Plaintiff's reputation with knowledge or reason to know that the information is false.

139.    Specifically, despite both Plaintiff and Initial Counsel repeatedly advising Defendant of Plaintiff's satisfaction of the Debt and providing proof of such satisfaction,

16

Defendant disclosed to the three major credit bureaus (i.e., TransUnion, Experian, and Equifax) information affecting Plaintiff's reputation.

140.    Defendant knew or had reason to know – both based up on its own records as well as the repeated disputes and delivering to Defendant of documents evidencing payment – that the Debt was satisfied, was not delinquent, and should not have been reported as such to the three major credit bureaus.

141.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-seven (137) as if fully restated herein and further states as follows:

142.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

143.    At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff on her cellular telephone using an ATDS, a PTDS, or an APV.

144.    Despite lacking Plaintiff's prior express consent, Defendant placed at least eighty-seven (87) calls to Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV in an attempt to collect the satisfied, repeatedly disputed Debt.

145.    Further, despite having knowledge or reason to know that Plaintiff had satisfied her Debt, Defendant reported the Debt as delinquent to the three major credit reports.

146.    Furthermore, despite having notice and possessing actual knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt, Defendant sent Plaintiff two billing statements in an attempt to collect the Debt.

147.    All of Defendant's above-referenced actions were unlawful and were taken in an attempt to abuse and harass Plaintiff into paying the satisfied Debt.

148.    Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes Section 559.72(7).

149.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-seven (137) as if fully restated herein and further states as follows:

150.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

151.    Defendant knew that the Debt was not legitimate because Plaintiff and Initial Counsel repeatedly disputed the Debt in writing.

152.    Further, Defendant knew the Debt was not legitimate and its collection attempts of the Debt were unlawful, because Defendant had received final payment of the Debt and evidence that Plaintiff had made final payment on the Debt.

18

153.    Despite having the above-referenced knowledge, Defendant continued its attempts to repeatedly collect the Debt directly from Plaintiff.

154.    Further, despite having the above-referenced knowledge, Defendant asserted it had the legal right to report the Debt as delinquent on Plaintiff's credit reports – and did in fact report the Debt as such – without also disclosing that the Debt was in dispute.  Defendant knew it did not have such right.

155.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FOUR:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(17)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-seven (137) as if fully restated herein and further states as follows:

156.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(17) by communicating with Plaintiff between the hours of 9 p.m. and 8 a.m. in Plaintiff's time zone without prior consent.

157.    At no time herein did Defendant have Plaintiff's prior consent to contact Plaintiff between the hours of 9 p.m. and 8 a.m.

158.    Despite lacking Plaintiff's prior consent, on or about July 26, 2013, Defendant called Plaintiff's cellular phone at approximately 7:53 a.m. ET in Plaintiff's timezone.

159.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FIVE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-seven (137) as if fully restated herein and further states as follows:

160.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after having knowledge that Plaintiff was represented by counsel with regard to the Debt.

161.    Defendant received notice and possessed knowledge of Initial Counsel's representation of Plaintiff with regard to the Debt via Initial Counsel's August 13, 2013 dated letter.  *See* Exhibit "C."

162.    Further, Defendant acknowledged receiving such notice in its March 5, 2014 facsimile transmission to Initial Counsel by stating "[o]n August 16, 2013, we received information that you represented [Plaintiff] in regards to her above-referenced Santander Consumer USA Inc. (SCUSA) account."  *See* Exhibit "K."

163.    Despite Defendant possessing such knowledge, Defendant sent Plaintiff two (2) billing statements and placed at least two (2) telephone calls to Plaintiff's cellular telephone in its attempts to collect the Debt.

164.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT SIX:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 U.S.C., SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-seven (137) as if fully restated herein and further states as follows:

165.    Defendant is subject to, and has violated the provisions of, 47 U.S.C.,

Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

166.    At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff on her cellular telephone using an ATDS, a PTDS, or an APV.

167.    Plaintiff did not list her cellular telephone number (954.830.9363) on any document creating or related to the creation of the Debt.  As such, Defendant did not obtain Plaintiff's cellular telephone number in the transaction that created the Debt.

168.    As such, Defendant neither obtained Plaintiff's prior express consent to call Plaintiff's cellular telephone in Plaintiff's application for Debt, nor obtained her prior express consent subsequent to the creation of the Debt.

169.    Instead, Defendant obtained Plaintiff's cellular telephone number, without her consent, from a "skip-trace."

170.    Defendant then placed at least eight-seven (87) telephone calls to Plaintiff's cellular phone using an ATDS, a PTDS, or an APV.

171.    The phone calls made by Defendant, complained of herein, are the result of a repeated, willful and knowing violation of the TCPA.

172.    Plaintiff is also entitled to and seeks injunctive relief enjoining Defendant from further violations of the TCPA.

173.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

a.    The periodic loss of her cellular phone service;

b.    Lost material costs associated with the use of peak time cellular phone  minutes allotted under her cellular phone service contract.

21

c.      The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d.      Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA;

e.      Statutory damages.

**COUNT SEVEN:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**WILLFUL VIOLATION OF 47 U.S.C., SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through one hundred and thirty-seven (137) and one hundred and sixty-five (165) through one hundred and seventy-two (172) as if fully restated herein and further states as follows:

174.   The conduct of the Defendant, complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

175.   More specifically, as prior express never existed prior to Defendant's placement of calls to Plaintiff's cellular telephone, and Defendant is fully aware of the TCPA and its restrictions, Defendant's calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

176.   Defendant also knows that it does not, and has not, reached out to Plaintiff to independently obtain Plaintiff's prior express consent–oral, written or otherwise–to call Plaintiff's cellular telephone using an ATDS, a PTDS and/or an APV.

177.   Defendant is fully aware of the TCPA and its restrictions and, as such, Defendant's calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

178.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation, as alleged above, pursuant to 47 U.S.C., Section 227(b)(3)(B) and 47 U.S.C., Section 227 (b)(3)(C).

179.     Plaintiff is also entitled to and seeks injunctive relief enjoining Defendant from further violations of the TCPA.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

a.   Judgment against Defendant declaring that the Defendant violated the FCCPA and the TCPA;

b.   Judgment against Defendant for maximum statutory damages under the FCCPA, per independent, temporally displaced violation committed by Defendant;

c.   Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

d.   Judgment against Defendant for treble damages in the amount of $1,500.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

e.   Judgment against Defendant for actual damages suffered by Plaintiff in an amount to be determined at trial;

f.   Judgment against Defendant for declaratory and injunctive relief prohibiting Defendant from further engaging in the conduct that violates the FCCPA and the TCPA;

g.  An award of attorneys' fees and costs; and

h.  Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

*/s/ Ian R. Leavengood*
**[X] Ian R. Leavengood, Esq., FBN 0010167**
**□ Aaron M. Swift, Esq., FBN 93088**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA                    )
                                    )
COUNTY OF BROWARD                   )

Plaintiff LAURIE STEELE, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_Laurie Steele_
LAURIE STEELE

Subscribed and sworn to before me
this 24 day of _March_, 2014.

_[signature]_
Notary Public

My Commission Expires:

Proof of I.D.: _Personally Known_

25



M. DANIEL HUGHES
MY COMMISSION # EE 652510
EXPIRES: February 3, 2017
Bonded Thru Notary Public Underwriters