UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-60741-CIV-MORENO

LAURIE STEELE, an individual,

    Plaintiff,

vs.

SANTANDER CONSUMER USA, INC., a
foreign for-profit corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISSING CASE, AND DENYING ALL PENDING MOTIONS AS MOOT

    Plaintiff Laurie Steele filed a complaint against Defendant Santander Consumer USA, Inc., alleging violated the Consumer Collection Practices Act, Chapter 559, Florida Statutes, and the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant then filed its Motion to Compel Arbitration (D.E. No. 13), arguing that pursuant to the Arbitration Provision in Plaintiff's underlying Retail Installment Contract, the parties must arbitrate this case under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

    The Court has considered Defendant's motion to compel arbitration, Plaintiff's response in opposition, Defendant's reply, and the pertinent portions of the record. Being otherwise fully advised in the premises, it is adjudged that the Motion to Compel Arbitration is GRANTED pursuant to a valid, enforceable Arbitration Provision. Accordingly, this case is dismissed, and all pending motions are DENIED as moot.

### Analysis

    Plaintiff Laurie Steele entered into a Retail Installment Contract with CarMax Auto

Superstores, Inc., pursuant to which Plaintiff obtained a loan for the purchase of a vehicle. The Contract contains a provision labeled "Arbitration Provision", under which the parties agreed to resolve covered claims through arbitration. In pertinent part, the Arbitration Provision, "governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.," provides, "By signing this Contract, you and we agree to be bound by the following arbitration terms." [D.E. 13-A-1]. The Arbitration Provision further provides,

> (A) What Claims are Covered: "Claim" means any claim, dispute or controversy between you and us that in any way arises from or relates to this consumer credit sale and/or the purchase your are financing by way of this Contract. "Claim" has the broadest possible meaning and includes initial claims, counterclaims, cross-claims and third party claims. "Claim" includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, whether at law or in equity (including any claim for injunctive or declaratory relief). "Claim" also includes disputes based on constitutional, statutory, regulatory, ordinance-based, or similar grounds. "Claim" further includes disputes about the validity, enforceability, arbitrability or scope of this Arbitration Provision or this Contract.

Id.

Congress, through passage of the Federal Arbitration Act, and the United States Supreme Court, in interpreting the Act, have created a strong federal policy in favor of arbitration. *Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009). Therefore, "[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Under this policy, it is the role of courts to "rigorously enforce agreements to arbitrate," *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004), and to "constru[e] any doubt in favor of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

First, the Court finds the Arbitration Provision enforceable under the Federal Arbitration Act where: (a) there is a written agreement to arbitrate claims, (b) there is a nexus to interstate

commerce, and (c) there is coverage of the claims by the arbitration clause pursuant to the broad definition of "Claims" in the Arbitration Provision and the strong federal policy favoring arbitration. 9 U.S.C. § 2; *Gilmer*, 500 U.S. at 26. Second, the Arbitration Provision expressly delegates to the arbitrator all "disputes about the validity, enforceability, arbitrability or scope of this Arbitration Provision or this Contract." [D.E. 13-A-1]. The Court finds this delegation clause valid and enforceable, and that the parties have delegated threshold issues to the arbitrator. This is evidenced in the express language of the Provision - "'Claim' further includes disputes about the validity, enforceability, arbitrability or scope of this Arbitration Provision or this Contract" - and through the Provision's identification of three possible sets of governing rules - the AAA, the National Arbitration Forum, or JAMS - each of which provide that the arbitrator has the power to rule on the arbitrability of the claims in this case. *See, e.g., Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005) (finding that when parties provide rules that allow the arbitrator to decide on the arbitrability of the claims, such an issue is for the arbitrator to decide); *see also Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989) (noting that under the FAA, parties are "free to structure their arbitration agreements as they see fit," and may "specify by contract the rules under which that arbitration will be conducted."). Pursuant to the language of the Arbitration Provision and delegation provision, the parties, including Plaintiff herself, delegated and clearly intended to delegate threshold issues of arbitrability to an arbitrator. *See In re Checking Account Overdraft Litigation MDL No. 2036*, 674 F.3d 1252, 1255-57 (compelling arbitration where terms of delegation provision provided clear and unmistakable evidence that parties intended to arbitrate issue of arbitrability).

The Court rejects Plaintiff's arguments that the Arbitration Provision is procedurally and substantively unconscionable, and therefore unenforceable. Plaintiff has failed to demonstrate that

the Arbitration Provision, or the Retail Installment Contract as a whole, is an unconscionable "take it or leave it" contract of adhesion. Similarly, Plaintiff has failed to demonstrate that the delegation provision was improperly "buried" in the terms and conditions of the agreement, or that the governing rules were entirely unclear (or, alternatively, that Plaintiff must be provided with the specific rules). Furthermore, Plaintiff has not demonstrated that the terms of the Arbitration Provision "amount to an outrageous degree of unfairness." [D.E. 20 at 18].[1]

For these reasons, pursuant to the valid and enforceable delegation clause leaving the threshold issues of jurisdiction and arbitrability to the arbitrator, and in the face of a strong federal policy favoring arbitration, the parties are compelled to arbitrate the subject claims between Plaintiff and Defendant. Accordingly, it is

**ADJUDGED** that:

(1) Defendant's Motion to Compel Arbitration is GRANTED and this case is dismissed.

(2) All pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of August, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

---

[1] The Court need not address Plaintiff's argument that Defendant is not a proper assignee and therefore cannot enforce the Contract or the Arbitration Provision. Notwithstanding Defendant's assertion via declaration that CitiFinancial assigned all of its rights, title and interests in the underlying contract to Defendant, and Plaintiff's subsequent failure to refute that testimony, arbitration is compelled in this case pursuant to the valid delegation clause and strong federal policy favoring arbitration.